UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

───────────────────────────────────────────── X
THE NEW YORK TIMES COMPANY,                  :

                    Plaintiff,      :

              v.                       :         **COMPLAINT**

FEDERAL BUREAU OF INVESTIGATION,             :

                    Defendant.      :
───────────────────────────────────────────── X

Plaintiff THE NEW YORK TIMES COMPANY, by and through its undersigned attorney, alleges as follows:

1. This is an action under the Freedom of Information Act, 5 U.S.C. § 552 *et seq.* ("FOIA"), to obtain an order for the production of agency records from the Federal Bureau of Investigation ("FBI") in response to a request properly made by Plaintiff.

## PARTIES

2. Plaintiff The New York Times Company ("The Times") publishes *The New York Times* newspaper and www.nytimes.com. The Times is headquartered in this judicial district at 620 Eighth Avenue, New York, New York, 10018.

3. Defendant FBI is an agency of the federal government that has possession and control of the records that Plaintiff seeks.

## JURISDICTION AND VENUE

4. This Court has subject matter jurisdiction over this action pursuant to 28 U.S.C. § 1331 and 5 U.S.C. § 552(a)(4)(B).

1

5. Venue is premised on Plaintiff's place of business and is proper in this district under 5 U.S.C. § 552(a)(4)(B).

6. FOIA requires that agencies respond to FOIA requests within 20 business days. *See* 5 U.S.C. § 552(a)(6)(A).

7. Defendant FBI has failed to meet the statutory deadlines set by FOIA. *See* 5 U.S.C. § 552(a)(6)(A)–(B). Plaintiff is therefore deemed to have exhausted all administrative remedies, pursuant to 5 U.S.C. § 552(a)(6)(C).

## FACTS

8. In February 2018, the Office of the Inspector General issued "A Report of Investigation of Certain Allegations Relating to Former FBI Deputy Director Andrew McCabe" ("Report"). Off. of Inspector Gen., *A Report of Investigation of Certain Allegations Relating to Former FBI Deputy Director Andrew McCabe*, Dep't of Just. (Feb. 2018), https://oig.justice.gov/reports/2018/o20180413.pdf. The Report confirmed the existence of an investigation into the Clinton Foundation. *Id.* at 1, 3.

9. On September 3, 2021, The Times submitted a FOIA request to the FBI, seeking documents related to the investigation. Specifically, The Times requested:

   i. Opening electronic cables ("ECs") regarding the investigation;

   ii. Closing ECs regarding the investigation;

   iii. Any documents or correspondences from the FBI or the Department of Justice regarding the decision to transfer the investigation to/from Little Rock, Arkansas;

   iv. Any and all documents or correspondences received or sent by Assistant United States Attorney, Patrick Harris, regarding the investigation; and

      v.      Any and all documents and correspondences sent between the FBI and the U.S. Attorney's Office for the Eastern District of Arkansas, the Criminal Division of the Department of Justice, and the Tax Division of the Department of Justice regarding the investigation.

10. On September 3, 2021, the FBI acknowledged receipt of The Times's request through an automated message from its electronic FOIA submission portal, eFOIPA.

11. On September 28, 2021, the FBI informed The Times that it would make responsive records available on the FBI's electronic FOIA Library, The Vault.

12. On November 1, 2021, The Times asked the FBI for a timeline for when the productions would be uploaded to The Vault.

13. The FBI informed The Times that some responsive records were already available on The Vault and could be accessed using "the search term provided in the September 28, 2021 letter." In addition, The Times "will be notified when additional releases are made to the website."

14. In response, The Times explained that the search term provided in the September 28, 2021 letter ("The Clinton Foundation") returned no results on The Vault. And while a search of "Clinton Foundation" (without "the") returned results, the three available productions—which relate to a 2001 FBI investigation into the pardon of Marc Rich—are not responsive to The Times's request.

15. In reply, the FBI again reiterated that The Times would be notified when additional releases are made. It explained that simple track cases take approximately 152 days to fulfill, medium complex cases average 922 days, and large complex cases average 1,964 days. It did not otherwise address any of the concerns The Times's raised.

16. The Times sought to clarify whether the FBI thought there were already releases made to The Vault responsive to The Times's request. The FBI explained that "[t]here have been three releases made to the Vault," but the FBI failed to address The Times's concern that none of the three releases are responsive to The Times's request.

17. On July 12, 2022, The Times, having received no substantive communications from the FBI in the almost one year since the request was filed, followed up with the FBI again regarding an estimated completion date and about the fact that the only releases made on The Vault related to the Clinton Foundation are not responsive to The Times's request.

18. On July 14, the FBI sent The Times the same pro forma reply, explaining that some responsive records were already available on The Vault and that The Times "will be notified when additional releases are made to the website."

19. When The Times followed up, again explaining that none of the three documents on The Vault are responsive to The Times's FOIA request, the FBI stopped responding.

20. As of the date of this filing, the FBI has not released any responsive records to or otherwise made a final determination on The Times's FOIA request.

## CAUSE OF ACTION

21. Plaintiff repeats, realleges, and reincorporates the allegations in the foregoing paragraphs as though fully set forth herein.

22. Defendant is an agency subject to FOIA and must therefore release, in response to a FOIA request, any disclosable records in its possession at the time of the Request and provide a lawful reason for withholding any other materials as to which it is claiming an exemption.

23. Defendant has failed to meet the statutory deadlines of 20 business days set by FOIA, 5 U.S.C. § 552(a)(6)(A)(i). Accordingly, Plaintiff is deemed to have exhausted its administrative remedies under FOIA.

24. Defendant is permitted to withhold documents or parts of documents only if one of FOIA's enumerated exemptions apply.

25. No exemptions permit the withholding of the documents sought by the Request.

26. Accordingly, Plaintiff is entitled to an order compelling Defendant to produce records responsive to the Request.

## **REQUEST FOR RELIEF**

WHEREFORE, Plaintiff respectfully requests that this Court:

27. Declare that the documents sought by The Times's FOIA request, as described in the foregoing paragraphs, are public under 5 U.S.C. § 552 and must be disclosed;

28. Order Defendant to undertake an adequate search for the requested records and provide those records to Plaintiff within 20 business days of the Court's order;

29. Award Plaintiff the costs of this proceeding, including reasonable attorneys' fees, as expressly permitted by FOIA; and

30. Grant Plaintiff such other and further relief as this Court deems just and proper.

Dated: New York, New York
August 3, 2022

/s/ David E. McCraw
David E. McCraw
Legal Department
The New York Times Company
620 8th Avenue
New York, NY 10018
Phone: (212) 556-4031
Fax: (212) 556-4634
E-mail: mccraw@nytimes.com

*Counsel for Plaintiff*